DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF ARIZONA,

### JANUARY TERM, 1873.

E. IRVINE, RESPONDENT, *v.* SANTERIO LOPEZ, APPEL-
LANT.

NEW TRIAL IN DISTRICT COURT, WHEN GRANTED IN APPEAL FROM JUS-
TICE'S COURT.—Where the transcript on appeal is obscure or unintelli-
gible, or where error prejudicial to the rights of a party appears on the
face of the transcript, or by an assignment of errors by way of affidavit,
sustained by the special return of the justice, relating thereto, the appel-
late court may modify the judgment, if the error be one which, upon in-
spection of the returns, can be so corrected, or may order a new trial
when the error can not otherwise be reached. But if no such error ap-
pears either by reference to the transcript, or by assignment of error by
way of affidavit, the district court must render such judgment as was
had in the justice's court, with the costs of the appeal.

OBJECTION THAT NOTE SUED ON WAS INSUFFICIENTLY STAMPED can not be
raised for the first time in the supreme court.

APPEAL from the district court of Maricopa county. The
opinion states the case.

*G. H. Oury,* for the appellant.

A. T. REPS. I—6

*John A. Rush,* for the respondent.

The above-entitled cause was appealed from the justice's court to the district court of Maricopa county by the defendant, and the only papers sent up to the district court from the court below were the notice of appeal, the appeal bond, the transcript of the justice's docket, and the note upon which suit was brought. It appears that suit was commenced on the fifth day of August, 1872, by the filing of the note and the issuance of summons; that the summons was made returnable on the twelfth day of August, 1872; that defendant failed to appear on the return day of the summons, but made default; and that the court rendered judgment by default against the defendant, and in favor of plaintiff, for the amount of the note, to wit, the sum of two hundred and fifty dollars and costs of suit, from which judgment the defendant appealed to the district court. At the September term of said district court, and before the calling and determining said cause by said court, it was stipulated and agreed by the counsel of the respective parties that the service of said summons, issued by said justice, on said defendant was duly and regularly made. This I believe to be a correct history of the case as submitted to the district court at its September term, 1872.

The defendant by his counsel moved the court to order the cause to be tried *de novo* in the district court, which motion was by the court denied, to which ruling the defendant excepted; the plaintiff then had judgment for the above-mentioned sum, with the costs of the appellate court, whereupon the defendant appealed to the supreme court from the judgment and the order denying the motion for a trial *de novo,* in the district court. I maintain that the action of the district court in denying the defendant a new trial and in rendering judgment in favor of plaintiff was correct and fully sustained by the law, in support of which position I call the attention of the court to the following sections of the compiled laws of the territory of Arizona. Sections 626 and 628 of proceeding in civil cases, page 476, provide what the docket of the justice shall contain. Sections 361 and 362, page 440, direct the action of the district court in matters of appeals.

That the district court was correct in denying the defend-

ant a new trial in this cause seems to me to be beyond question. I understand a new trial in the district court (as contemplated by the statute) to be a retrial of the issues tried in the court below. Now in this case the defendant made default, thereby admitting the allegations of plaintiff— no issues of fact were made or tried in the court below. And the district court could only retry the issues formed and tried in that court. For authority in support of this position the court is referred to the case of *The People ex rel. Jones* v. *The County Court of El Dorado County*, 10 Cal. 19; also the case of *Funkenstein* v. *Elgutter*, 11 Id. 328.

Now sections 361 and 362 make it the duty of the district court to take the returns or records provided for by sections 626 and 628 to be sent up by the justice, and from such returns or records to enter judgment, or order a new trial, as the right of the case may appear. It may be said that the district court is invested with discretionary power to enter judgment or to order a new trial. Grant it. It will certainly be conceded that this discretion is and must be a legal discretion based upon the returns or record, and that its exercise must be governed and influenced wholly and alone by the facts as they appear thereon, otherwise the discretion of the court would be arbitrary and according to the caprice of the judge, at one time entering judgment, and at another time ordering a new trial, thus leaving litigants no rule upon which to depend, but subject alone to the caprice of the judge. But be this discretion as it may, this court will not interfere with its exercise unless in case of gross abuse. See *Smith* v. *Billett*, 15 Cal. 26.

In the district court the counsel for defendant agreed that error appeared upon the face of the note upon which suit had been brought, and which had been sent up by the justice with the returns, in this, that said note was not duly stamped. To this I reply: 1. That the note was not part of the returns or record (see said sections 626 and 628); 2. That by making default he had admitted the indebtedness; 3. Not having raised the objection in the court below, he can not for the first time raise the question in the appellate court. Objections to evidence will not be noticed unless taken below. See *Mott* v. *Smith*, 16 Cal. 555.

If upon the examination of the returns or record as pro-

vided for by sections 626 and 628, no error or irregularity appeared, I maintain that the district court could not do otherwise in the exercise of a legal discretion than to render such judgment as the right of the case might appear from such returns or records to require.

It has always been the practice of appellate courts to give every intendment in favor of the action of the court below, and it has been held by the appellate courts that they would not reverse a cause upon error of law unless it appeared that the party complaining was injured by such error. See *De Johnson* v. *Sepulbeda,* 5 Cal. 151. I understand the counsel for the defendant to argue in the district court that the appellant was entitled to a new trial in all cases appealed from justices' courts to the district court, regardless as to whether error appeared in the court below or not. In effect taking the position that, notwithstanding the judgment of the court below might be fully sustained by the evidence; notwithstanding the rulings of the court below in matters of law were in every way correct, and every proceeding regular— yet if a party appealed to the district court he was entitled to a new trial in that court. If this position be correct, then why put parties to the expense and trouble of litigating before justices of the peace? Their judgments determine nothing, no matter how regular, fair, right, and just they may be; the issues must be tried anew in the district court upon the application of the defeated party.

By our statutes, justices' courts are not authorized to grant new trials, and it seems to me clear that the legislature intended that the new trials provided for in the district court are appeals from justices' courts, and should be for the same reasons and upon like grounds that new trials may be had in the district courts in causes determined in those courts. For instance, if the verdict or finding of the court be contrary to the evidence, if the court has erred in admitting or rejecting testimony, or in other matters of law affecting the judgment, then the court may grant a new trial.

The sections of the statutes above referred to have provided the means by which the party can make his appeal upon the returns or record sent up to the district court; and unless the returns do show some reason or ground for new trial the district court will not order it.

By Court, TWEED, J.:

This cause comes before us on appeal from the district court of Maricopa county. The action was commenced in the court of a justice of the peace, and judgment by default was rendered in favor of the respondent for the sum of two hundred and fifty dollars and costs. On the appeal in the district court the appellant moved the court for a trial *de novo*, which motion was denied, and judgment rendered in favor of the respondent upon the returns, for such sum of two hundred and fifty dollars, and costs amounting to seven dollars and fifty cents.

Two points are made by the counsel for the appellant: 1. That the court erred in refusing a new trial; 2. That the note sued on was insufficiently stamped, and ought not to have been received in evidence. Section 361, Compiled Laws, page 440, provides that in all appeals from justices' courts to the district court after the returns are filed, the court shall proceed to examine such returns, and render judgment thereon, as the right of the case may appear, without regard to technicalities or imperfections in pleadings, if they do not tend to the prejudice of the rights of any party.

Section 362, same page, provides that " such judgment may be rendered upon the returns, or the court may order the same to be tried anew in the district court as substantial justice may require."

Section 626, page 476, Compiled Laws, provides that " the party appealing may, in his discretion, file with his notice of appeal an affidavit as to any special matters in the proceedings appealed from; and the justice shall return specially as to all matters contained in such affidavits and file such affidavit with his return."

Section 628 provides that papers shall be transmitted to the district court. The section reads as follows: " Upon receiving the notice of appeal and the undertaking, as required in the next section, and on the payment of the costs of the action, the justice shall transmit to the clerk of the district court a copy of his docket in the case, and the undertaking filed, and the notice of appeal." We think the provisions of section 347, page 437, Compiled Laws, under the head of " appeals in general," are also applicable to proceeding on appeals from justices' courts: See sec. 535, page 463,

Compiled Laws. What the justice's docket shall contain is prescribed by section 606, page 474, Compiled Laws. It may be added that justices of the peace are forbidden to grant new trials or to arrest judgments: See sec. 624, p. 476, Compiled Laws.

From the foregoing statutory provisions, it appears to us to be very clear in what cases new trials should be granted in the appellate court. If the transcript be obscure and unintelligible, or if upon its face positive error appears prejudicial to the rights of a party, or if such error appear by an assignment of errors by way of affidavit, sustained by the special return relating thereto from the justice, the appellate court will grant relief: by modifying the judgment, if the error be one which can be corrected in this manner, upon inspecting the returns, and by ordering a new trial when the error complained of can not otherwise be reached. Where no such error appears, either by reference to the transcript or by assignment of errors by way of affidavit, the appellate court can only confirm the judgment, or rather render such judgment as was had in the justice's court with costs of the appeal.

In the case before us there was no assignment of errors by way of affidavit in the justice's court. The transcript from the justice's court is more complete and perfect than such transcripts are usually found to be. If there is in it any defect, it is in relation to the issuance and service of the summons, and such defect, if there be any, is cured by the stipulation that due service of the summons was had in the case. As to the second point made by the appellant, we are of opinion that it is not well made; conceding that the note sent with the papers to the district court was the note sued on, and that under the revenue laws of the United States it was insufficiently stamped, it was too late to raise this objection for the first time in the appellate court, even if the objection would have been good had it been taken in the justice's court—a point we are not called on now to decide.

From a careful consideration of the case under the statutory provisions referred to, we think the judgment should be affirmed, and it is so ordered.